**Elizabeth Modupe BABALOLA, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–5619–ag.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

Oscar L. Amorow, Brooklyn, N.Y., for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Peter D. Keisler, Assistant Attorney, General, Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Elizabeth Modupe Babalola, a native and citizen of Nigeria, seeks review of the November 20, 2006 order of the BIA denying her motion to reopen. *In re Babalola*, No. A75 563 002 (B.I.A. Nov. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Babalola did not petition for review of the BIA's February 2006 decision denying her first motion to reopen, we must limit our review to its November 2006 decision denying her second such motion. *Cf. Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found when the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

▮ The BIA did not abuse its discretion in finding that Babalola's motion to reopen was both untimely and number-barred, and that she did not qualify for equitable tolling of the time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(2) (noting that a party may file only one motion to reopen, which must be filed no later than 90 days after the date on which the final administrative decision was rendered). While the number bar and 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, *see Jin Bo Zhao v. INS*, 452 F.3d 154, 156–57 (2d Cir.2006), the BIA properly found that Babalola failed to comply with the threshold requirements set forth in *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

Specifically, Babalola failed to include with her motion "a statement as to whether [she] filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005) (citing *In re Lozada*, 19 I. & N. Dec. at 639). We have previously noted that "an alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005) (holding that the petitioner was not entitled to claim ineffective assistance because she "did not comply with the *Lozada* requirements, and made no effort to explain her lack of compliance"); *cf. Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993) ("Esposito did not file a complaint with any disciplinary authority, *but provided a reasonable explanation* in his affidavit.... We accordingly conclude that Esposito met the *Lozada* requirements ... and proceed to the merits of his [ineffectiveness] claim." (emphasis added)). Because Babalola's motion was untimely and did not qualify for equitable tolling, the BIA's denial was not an abuse of discretion.

▮ Moreover, the BIA did not abuse its discretion in concluding that Babalola failed to establish that her motion to reopen to apply for asylum qualified for an

exception to the time and numerical limitations based on "changed circumstances" in Nigeria. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA properly noted that, with respect to Babalola's personal risk of suffering female genital mutilation ("FGM"), there was no evidence in the record that conditions in Nigeria had changed since her May 1999 hearing. Indeed, the most recent country report in the record, the U.S. State Department's 2005 Report on Human Rights Practices in Nigeria, stated that the incidence of FGM has declined steadily in the past fifteen years. *See* U.S. Dep't of State, Nigeria: Country Reports on Human Rights Practices—2005 (Mar. 8, 2006), http://www.state.gov/g/drl/rls/hrrpt/2005/61586.htm. In addition, the BIA properly found that the birth of Babalola's three daughters in the United States did not constitute "changed circumstances" *in Nigeria. See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003). Accordingly, the BIA's denial of Babalola's motion was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.